DUNSON *v.* HUNTLEY, and *vice versa.*

The petition as amended did not set forth a cause of action, and was therefore subject to general demurrer.

DECEMBER 14, 1910.

Complaint. Before Judge Pendleton. Fulton superior court. January 12, 1910.

*Etheridge & Etheridge,* for plaintiff in error.

*Candler, Thomson & Hirsch,* contra.

FISH, C. J. The material substance of the petition of Dunson in a suit against Mrs. Huntley, returnable to the January term,

1909, of Fulton superior court, was as follows: On September 19, 1904, the defendant, being the owner of a described house and lot in the city of Atlanta, leased the same, through the plaintiff as her agent, to Dr. Amster for a term of five years at a stated rental; Amster intending to purchase the property if the same should prove satisfactory to be used as an infirmary. With this view he obtained from the defendant an option to purchase the property within twelve months from the date of the lease, at the price of $20,000. On the day the lease was executed the defendant entered into an agreement with the plaintiff to pay him stated commissions on the rental received for the property; and further agreed that "in the event Dr. Amster buys said property, as he has the option to do for $20,000," the plaintiff should receive stated commissions for such sale. The defendant sold the property, on September 26, 1908, "to Dr. Amster and his two associates, Drs. Michael Hoke and Bates Block, for the sum of $24,000," and refused on demand to pay to the plaintiff the commissions to which he was entitled on such sale.

The defendant filed a demurrer to the petition, on general and special grounds. One of the special grounds was that the petition did not set forth the lease and option to which it referred. At the appearance term Judge Ellis, upon considering the demurrer, passed the following order: "The plaintiff is required to attach copies of the lease to Amster, and the option to him, or show cause why he can not do so. Upon compliance with this requirement within 20 days, the demurrer is overruled." The defendant filed exceptions pendente lite, assigning error upon "the order overruling the demurrer." In compliance with the order of Judge Ellis, the plaintiff amended the petition by attaching thereto a copy of the lease which contained the option, to which reference was made. The date of the lease was September 20, 1904, and it was for the term of five years from November 1, 1904. It contained an option as follows: "At any time before the first of November, 1905, second party [Amster] has the option of purchasing said premises at $20,000, plus the cost of improvements provided for in paragraph 8, payable as follows," etc. When the case came up for trial at the January term, 1910, Judge Pendleton presiding, a general demurrer to the petition as amended was sustained and the case dismissed. The plaintiff filed a bill of exceptions, assigning error

upon this ruling. The defendant filed a cross-bill, assigning as error the rulings excepted to pendente lite.

In our opinion the petition as amended did not set forth a cause of action, and was therefore open to general demurrer. In this view it is immaterial to the plaintiff in error whether Judge Pendleton properly construed the order of Judge Ellis as dealing merely with a special ground of the demurrer, and not as overruling the demurrer as a whole. If Judge Pendleton's construction of the order passed by Judge Ellis be correct, then his judgment in sustaining the general demurrer to the petition must be affirmed; while on the other hand, if the proper construction of Judge Ellis's order be that it overruled the entire demurrer to the petition, including the general ground, then his judgment would have to be overruled on the cross-bill; so, in either view, the plaintiff in error, Dunson, must lose.

The petition shows that Mrs. Huntley agreed to pay Dunson commissions on the sale of the property "in the event Dr. Amster buys the property as he has the option to do." And according to the option given by Mrs. Huntley to Dr. Amster, he had the right to purchase the property at the price of $20,000, at any time before the first of November, 1905. It appears that he did not exercise this option within the time limited, but that on September 26, 1908, nearly three years after the expiration of the option, Mrs. Huntley sold the property to Amster and two other persons for the sum of $24,000. It does not appear that Dunson did anything to bring about this sale, or that he was in any way connected with it. The contract in which Mrs. Huntley agreed to pay Dunson commissions, as already stated, provided that the commission was to be paid "in the event Dr. Amster buys the property as he has the option to do," which meant that if Amster should purchase the property in accordance with the terms of the option, then Dunson was to be paid commissions on the sale. It is clear that Amster did not buy the property in accordance with his option, and therefore that Dunson was not entitled to commissions on the sale made by Mrs. Huntley without his aid so far as it appears from the petition, and a long time after the expiration of the option.

*Judgment on the main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur.*